# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 26, 2013 at Knoxville

## MARIO RAMIREZ RODRIGUEZ v. ARVIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15155    Robert Jones, Judge**

_____

**No. M2012-00958-CCA-R3-HC - Filed May 8, 2013**

_____

The Petitioner, Mario Ramirez Rodriguez,[1] appeals from the Wayne County Circuit Court's summary dismissal of his petition for the writ of habeas corpus relief. On appeal, the Petitioner claims his allegations regarding the age of the victim, his incorrect release eligibility noted on the judgment form for Count 2, and the failure of the trial court to impose the required statutory fines, could be proven upon an evidentiary hearing and should not have been deemed merely clerical errors. We conclude that there is no reversible error in the judgment of the habeas corpus court and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Mario Ramirez Rodriguez, Clifton, Tennessee, pro se.

Robert E. Cooper, Attorney General and Reporter; and Mark A. Fulks (on petition) and David H. Findley (on appeal), Senior Counsels, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

The Petitioner was originally indicted for eight counts of rape of a child, one count of aggravated sexual battery, and four counts of statutory rape by an authority figure. On July 26, 2007, the Petitioner pled guilty to two counts of rape of a child, a Class A felony, see Tennessee Code Annotated section 39-13-522, and the remaining charges were

---

[1]  Although the Petitioner's last name is given as "Rodroguez" in his habeas corpus petition, the judgment forms, plea petition, and the indictment all give the Petitioner's name as "Rodriguez."

dismissed. Pursuant to terms of the negotiated plea agreement, he received the following sentences: Count 1 - "20 years at 100%[,] sex offender registry"; and Count 2 - "20 years at 100%[,] sex offender registry[, and] concurrent to Count one." The judgment form for Count 1 reflects a standard offender status, and the release eligibility boxes of "Violent 100%" and "Child Rapist 100%" are both checked. On the judgment form for Count 2, likewise reflecting a standard offender status, the release eligibility boxes of "Violent 100%" and "Repeat Violent 100%" are both checked. In the special conditions section on both forms, it is noted that the Petitioner must comply with the sex offender registry and lifetime supervision requirements. No fines are assessed on either of the judgment forms.

The Petitioner filed the instant petition for the writ of habeas corpus on January 10, 2012, in which he argued that his sentence was illegal resulting in void judgments based on the following reasons: (1) the trial court lacked the statutory authority to sentence him for rape of a child because the victim was thirteen years old at the time of the offenses; (2) the trial court failed to assess the appropriate statutory fees and fines as part of his punishment; and (3) the trial court illegally sentenced him as a repeat violent offender on Count 2. The State filed a motion to dismiss the petition, contending that none of the Petitioner's claims warranted relief.

On April 4, 2012,[2] the habeas corpus court summarily dismissed the petition, first concluding that "[t]he Count 2 checking of the Repeat Violent 100% box instead of the Child Rapist 100% box obviously appear[ed] to be a clerical error which may be corrected by the sentencing court under Tenn[essee] R[ule of] Crim[inal] P[rocedure] 36." The court reasoned, "Tenn[ssee] Code Ann[otated] [section] 40-35-120 mandates a sentence of imprisonment for life without possibility of parole for a repeat violent offender, and the checking of that box for Count 2 is legally inconsistent with the twenty-year sentence imposed on the uniform judgment form for Count 2." As a result, the court vacated the sentence in Count 2 and "transfer[red] the matter to [the trial court] for a determination of the appropriate release eligibility and for entry of a corrected judgment for Count 2." Furthermore, the habeas court determined that the sentence in Count 1 was otherwise valid.

In the meantime, the Davidson County Criminal Court, the trial court in this case, entered corrected judgment forms on March 9, 2012.[3] Only the "Child Rapist 100%" release eligibility box was checked on the new judgment forms.

---

[2] The order was signed by the trial judge on April 3, 2012, but it was not filed in the record until April 4, 2012.

[3] In the record of the habeas corpus court, the assistant attorney general filed a notice dated April 3, 2012, reflecting entry of these corrected judgment forms.

The Petitioner thereafter filed a motion to alter or amend the judgment of the habeas corpus court, challenging the ruling of the habeas corpus court and noting that the trial court, seemingly sua sponte, entered corrected judgment forms in his case. The Petitioner asserted that he was entitled to a hearing regarding whether his "illegal sentence" was a bargained-for element of his plea. The habeas corpus court denied the Petitioner's motion, finding that it stated "no valid grounds for the relief sought" and that the April 4, 2012 order was a final judgment. The Petitioner filed a timely notice of appeal.

In the Petitioner's brief on appeal, the Petitioner provided the following additional facts. That, following the April 4, 2012 order of the habeas corpus court, his case was transferred back to Davidson County for a hearing, and an attorney was appointed to represent him. According to the Petitioner, a hearing was scheduled for June 14, 2012, at which time he met with his attorney, who informed him that his case only involved entry of corrected judgment forms. A corrected judgment form for Count 2 was entered that same day. According to the Petitioner, he later lodged a complaint with the Board of Professional Responsibility based upon counsel's representation in the Davidson County proceedings.[4]

The case is now before this court for our review.

ANALYSIS

On appeal, the Petitioner presents his issue as follows: "Whether the trial court erred in not finding that the Petitioner's sentence was void when sentences were corrected as an [sic] clerical error without having a evidentiary hearing to determine if the sentences was [sic] a material issue of his plea agreement?" The Petitioner submits that "the discrepancies" reflected on his judgment forms—the failure to assess fines, the age of the victim at the time of the offenses, and the imposition of improper release eligibility—entitle him to an evidentiary hearing on the issue of whether the sentencing anomalies were material to his

---

[4] On December 21, 2012, the Petitioner filed a pleading in this court citing Tennessee Rule of Appellate Procedure 24(a), (b), and (e), seeking to supplement the record with several documents. These documents include: correspondence between he and his attorney appointed by the Davidson County Criminal Court following the order of the habeas corpus court; the corrected judgment form on Count 2 entered on June 14, 2012; a motion to alter or amend the June 14, 2012 judgment; documents from a Board of Professional Responsibility complaint lodged by the Petitioner against his Davidson County attorney; and the notice of appeal from the Davidson County Criminal Court's actions. We determine that this pleading is really a motion seeking consideration of post-judgment facts in accordance with Tennessee Rule of Appellate Procedure 14. See Tenn. R. App. P. 14(a) (allowing for consideration of facts occurring after judgment and bearing upon the "subject matter of the action such as . . . relief from the judgment requested or granted in the trial court"). However, we conclude that any consideration by this court of what occurred in the Davidson County Criminal Court following the habeas corpus court's order is unnecessary in this appeal because there was no longer any error in need of correction existing in the Davidson County judgment forms at the time of entry of the habeas corpus court's order, any such error having already been corrected by the Davidson County Criminal Court on March 9, 2012.

decision to plead guilty and were not simply clerical in nature. According to the Petitioner, because the State did not produce the transcript of the guilty plea hearing for the habeas corpus court's review, there were "insufficient facts" to support the habeas corpus court's ruling that the judgments "reflected clerical errors." He also appears to challenge counsel's effectiveness at the proceedings in Davidson County following the order of the habeas corpus court. The State responds that the habeas corpus court's summary dismissal of the petition was proper.

The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); see also Hickman, 153 S.W.3d at 20.

Sentencing may entail jurisdictional issues and must comply with the applicable Sentencing Act. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). A trial court goes beyond its jurisdiction or authority when it imposes a sentence that "(1) is not authorized by the applicable statutes . . . or (2) directly contravenes an applicable statute." Id. (emphasis omitted). Sentences which directly contravene a statute are illegal as opposed to merely erroneous. Id.; see also Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) ("[A] sentence imposed in direct contravention of a statute, for example, is void and illegal.") (quoting Taylor, 955 S.W.2d at 83).

-4-

Nevertheless, certain sentencing statutory provisions have been designated "nonjurisdictional" by the Tennessee Supreme Court. Davis, 313 S.W.3d at 759. Only sentences containing "fatal errors," and which are therefore illegal, may be addressed through the collateral proceeding of habeas corpus. See Cantrell v. Easterling, 346 S.W.3d 445, 449-53 (Tenn. 2011). Examples of illegal sentences for which habeas corpus relief is permissible include "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." Id. at 452 (citing Davis, 313 S.W.3d at 759). In particular, errors arising from plea bargains with respect to offender range classification and release eligibility are non-jurisdictional and do not warrant habeas corpus relief. Id.; Hoover v. State, 215 S.W.3d 776, 780-81 (Tenn. 2007); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). Our supreme court in Cantrell designated such errors, which may be waived, as appealable errors which, along with clerical errors, cannot be challenged in a habeas corpus action. Cantrell, 346 S.W.3d at 451 n.5.

First, we will address the matter of the Petitioner's release eligibility classification. The Petitioner is claiming that the provision for "Repeat Violent 100%" release eligibility for his child rape conviction in Count 2 renders that judgment void because Tennessee Code Annotated section 40-35-120(g) requires a sentence of life imprisonment without the possibility of parole for repeat violent offenders instead of the twenty-year sentence imposed on that count. The Petitioner is correct that, if he were sentenced as a repeat violent offender for his rape of a child conviction, then section 40-35-120(g) mandates a sentence of life imprisonment without the possibility of parole. Because the Petitioner's judgment in Count 2 reflects "Repeat Violent 100%" release eligibility but a sentence of only twenty years, the provision for "Repeat Violent 100%" release eligibility, coupled with a sentence of twenty years, is improper.

When a sentencing component in a guilty-pleaded case is deemed void, habeas corpus relief may entail an opportunity to withdraw the guilty plea in certain circumstances. Cantrell, 346 S.W.3d at 456 ("[I]f the conviction is valid but the sentence is illegal, and therefore void, then the remedy depends upon whether the sentence was imposed pursuant to a plea-bargain."). "[W]hen a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution." Id. In Summers, our supreme court "reaffirmed . . . prior decisions holding that a habeas corpus petitioner is entitled to withdraw his guilty plea when the bargained-for sentence" is infected with the illegal sentencing term. Summers, 212 S.W.3d at 259. The court observed that when considering whether a bargained-for sentencing component was a "material part" of a petitioner's guilty plea, "the determinative issue is whether the plea agreement included an illegal sentence as a material element. If so,

the illegal sentence renders the guilty plea, including the conviction, invalid." Id. "When a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement. Thus as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea." Id. On the other hand, "where an illegal sentence is imposed pursuant to a plea agreement but is not a material (bargained-for) element of the agreement, the illegal sentence may be corrected in habeas corpus, but the conviction will remain intact," Edwards v. State, 269 S.W.3d 915, 928 (Tenn. 2008), and the petitioner is afforded no opportunity to withdraw his plea, see Cantrell, 346 S.W.3d at 459 (holding that, because Cantrell's "underlying convictions are not tainted by the illegality and therefore remain intact," Cantrell was entitled to "habeas corpus relief to the extent of remanding th[e] matter to the Circuit Court of Hickman County, Tennessee, for the entry of amended judgment orders reflecting Defendant's status as a 'Multiple Rapist'"); Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006) ("Rather, the record in this case demonstrates that the trial court made an error sua sponte and independent of the plea bargain. Under these circumstances, we hold the illegal sentence to be null and void. Smith's conviction, however, remains intact.").

The habeas corpus court, by determining the error to be only clerical in nature, inferred that the Petitioner had failed to demonstrate that the release eligibility provision was a bargained-for, material element of his guilty plea, thereby allowing him an opportunity to withdraw the plea. The record clearly evinces that the sentencing anomaly under attack was not a material, bargained-for element of the plea agreement. The plea agreement provided for the following sentences: Count 1 - "20 years at 100%[,] sex offender registry"; and Count 2 - "20 years at 100%[,] sex offender registry[, and] concurrent to Count one." The plea petition contains no information concerning the agreed upon release eligibility classification other than the notation of "100%." The judgment form for Count 1 reflects a standard offender status and the release eligibility boxes of "Violent 100%" and "Child Rapist 100%" are both checked. On the judgment form for Count 2, likewise reflecting a standard offender status, the release eligibility boxes of "Violent 100%" and "Repeat Violent 100%" are both checked.

Here, the Petitioner pled guilty to two counts of rape of a child in exchange for concurrent terms of twenty years at 100%. Count 1 clearly reflects the correct sentence to be imposed. It appears that the trial court made a clerical error in Count 2 and independent of the plea bargain; therefore, the Petitioner's convictions remain intact. We reject the Petitioner's argument that a review of the guilty plea transcript is necessary before making this determination. It is apparent from the plea document itself that the illegal portion of the sentence was not a material, bargained-for element of the agreement. See, e.g., Michael David Russell v. Virginia Lewis, Warden, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *2 n.1 (Tenn. Crim. App. Jul. 26, 2007) ("We look to the plea document in the

present case; the transcript of the plea submission hearing was not included as an attachment to the habeas corpus petition. A petitioner seeking habeas corpus relief is obliged to present with his petition any documentation which may support his claim.") (citing Summers, 212 S.W .3d at 261)). The Petitioner is entitled to habeas corpus relief only to the extent of permitting entry of amended judgment forms for Count 2 to properly reflect his release eligibility status as a "Child Rapist 100%" rather than as a "Repeat Violent 100%."

In this case, however, the trial court had already entered corrected judgment forms prior to the decision of the habeas corpus court ordering such action. Thus, there was nothing left to be corrected pursuant to the habeas corpus court's order. The habeas corpus court vacated the sentence in Count 2 and "transfer[red] the matter to [the trial court] for a determination of the appropriate release eligibility and for entry of a corrected judgment for Count 2." (Emphasis added). It appears from the documentation submitted by the Petitioner that, once the matter was transferred back to Davidson County, a lawyer was appointed to represent the Petitioner, and a hearing was scheduled. However, as the Petitioner's lawyer and, seemingly, the trial court correctly determined, the error was simply clerical, and a hearing was unnecessary. The trial court thereafter again entered a corrected judgment form on Count 2. Because we have determined that the Petitioner's entitlement to habeas corpus relief provides no other remedy than correction of the judgment form in Count 2, and this has been done not once, but apparently twice, the Petitioner has not demonstrated any reversible error in the order of the habeas corpus court.

Furthermore, the habeas corpus court determined that the sentences were otherwise valid. We agree. We turn to briefly address the Petitioner's additional challenges to his convictions, the imposition of fines and the age of the victim. Citing to Tennessee Code Annotated sections 40-20-104[5] and 40-24-108,[6] the Petitioner contends that his sentence is illegal because his judgment forms failed to impose the required statutory fines outlined in those sections. Because Tennessee Code Annotated section 40-24-102 allows the court to waive any fines, we conclude that absence of any fines in the judgments does not render the

---

[5] Subsection (a) of this statute provides as follows:

> When the offense is punished by imprisonment in the county jail or workhouse, the term of imprisonment shall be fixed by the court, unless otherwise provided; provided, that when any person is indicted or presented in a court of record for the alleged commission of any misdemeanor, and pleads not guilty and is tried by a jury, upon demand of defendant timely made, the trial jury shall as a part of its verdict assess the punishment for the offense both as to fine and imprisonment within the limits now or later prescribed by law.

[6] Subsection (a) of this statute provides, in pertinent part, as follows: "When any person is convicted of a sexual offense as defined in subdivision (b)(2) on or after July 1, 2003, in addition to any other punishment that may be imposed for the sexual offense, the court shall impose a fine of two hundred dollars ($200)."

judgments illegal per se. <u>See, e.g.</u>, <u>Tony Hoover v. Henry Steward, Warden</u>, No. W2011-02453-CCA-R3-HC, 2013 WL 238196, at *4 (Tenn. Crim. App. Jan. 18, 2013) (holding that omission of the sex offender surcharge in Tennessee Code Annotated section 39-13-709 from a judgment did not render the judgment void).

Additionally, this court has held that the imposition of an illegal fine is not a cognizable issue in the context of a writ of habeas corpus. The writ of habeas corpus is available only to a person illegally "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101.

> The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired.

<u>Charles Montague v. State</u>, No. E2012-00147-CCA-R3-HC, 2010 WL 4890270, at *2 (Tenn. Crim. App. Sept. 25, 2012) (quoting <u>Burrell v. Carlton</u>, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. Mar. 8, 2005), <u>perm. app. denied</u>, (Tenn. June 20, 2005)), <u>perm. app. denied</u>, (Tenn. Jan. 14, 2013).

Finally, the Petitioner challenges the statutory authority of the trial court to sentence him for rape of a child when the child was thirteen years old at the time of the offense. Rape of a child requires the State to prove that the victim was "more than three (3) years of age but less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). In his petition, the Petitioner states that his "judgments in [C]ount 1 & 2 reflect [] the incident date being January 1, 2006 and August 1, 2006. In both indictments it reflect [sic] that the victim was 13 years old at the time of the August 2006 incident." He asserts that because these documents show that the victim was actually thirteen years old at the time of the offense in Count 2, his "sentence is illegal and void." The judgment forms provided by the Petitioner show offense dates of "Jan. 06 - Aug. 06." The copy of the indictment attached to the petition provides that the offenses occurred "on a date between January 1, 2006 and August 1, 2006" and the victim's date of birth as August 1, 1993. The offenses were alleged to have occurred between those two dates, not on those two dates. The victim's date of birth is stated as August 1, 1993, in the indictment; thus, she would not have turned thirteen until August 1, 2006, and the Petitioner has provided no evidence to the contrary. We further agree with the State that the Petitioner has "simply misinterpreted" these documents.

The Petitioner has failed to assert a claim that would entitle him to any further habeas corpus relief.  After a review of the record, we conclude that there is no reversible error in the order of the habeas corpus court.

## CONCLUSION

Based upon the foregoing, the order of summary dismissal is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE